*May Term,*
*1857.*

CASSETT
v.
. THE STATE.

———————— ·•◦•· ————————

CASSETT *v.* THE STATE, on the relation of HUNNICUTT.

The liquor act of 1855 did not repeal the provision of the act of 1853, touching license and bond.

APPEAL from the *Wayne* Circuit Court.

This was a suit on the bond of a liquor-seller, licensed under the law of 1853. The complaint was filed on the 23d of *February*, 1855. At the spring term a demurrer was filed to the complaint, which the Court overruled, and the defendant failed to except. The defendant answered— 1. That he did not give the bond. 2. Denying each and every allegation in the complaint. The cause was continued to the fall term, when a motion was made to dismiss it on the ground that the statute under which the suit is brought was repealed since the commencement of the action, by the act of *March* 2, 1855. The motion was held under advisement, and the cause continued to the spring term. At this term, the defendant filed a further answer, setting up a release of the cause of action. Reply, 1. That the release was given without consideration. 2. That is was obtained by fraud. Trial by jury. Verdict for the plaintiff for 1,000 dollars. Motion for a new trial, on the ground—1. That the proceedings of the Court were irregular, in this, that the Court sent the jury out without appointing and swearing a special bailiff according to law. 2. That the damages were excessive, &c.

*Tuesday,*
*May 26.*

May Term,    This motion and a motion in arrest of judgment were
1857.        overruled, and judgment was rendered for the plaintiff.

NUTTER        *Per Curiam.*—The repeal of sections 2 and 3 of the act
v.           of 1853, did not repeal the provision as to license and
HARRIS.      bond.   They are provided for in the first section.   Pend-
ing suits were not, therefore, affected by such repeal.

No exception was taken to the ruling of the Court be-
low on demurrers.   None was taken to the sending out of
the jury in charge of the regular bailiff of the Court, in-
stead of a special one (1).

The damages are higher than this Court, sitting as a
jury, would have assessed.   But this Court does not sit as
a jury; and the statute authorized the jury that did sit in
the cause, to assess exemplary damages.

We see no ground upon which we can reverse the judg-
ment.

The judgment is affirmed, with 1 per cent. damages and
costs.

*J. S. Reid* and *E. Esteb*, for the appellant.
*W. P. Benton* and *J. B. Julian*, for the state.

(1)   See *Jolly et al.* v. *The Terre Haute Bridge Co.*, *post*, and cases cited.